## HARRISON McCAULEY v. EDITH TYNDALL.

FILED APRIL 22, 1903.   No. 13,022.

Allottee of Indian Lands: RIGHTS OF WIDOW. Under an act of congress entitled "An act to provide for the sale of a part of the reservation of the Omaha tribe of Indians in the state of Nebraska," etc., the widow of an allottee dying before the issuance of a final patent, and without issue, takes a life estate in the allotment to her husband, remainder over to his father.

ERROR to the district court for Thurston county: GUY T. GRAVES, DISTRICT JUDGE. *Affirmed.*

*Hiram Chase,* for plaintiff in error.

*Thomas L. Sloan, contra.*

ALBERT, C.

In the case of *Porter v. Parker, ante,* page 338, it was held that the allottee of lands in severalty, pursuant to an act of congress entitled, "An act to provide for the sale of a part of the reservation of the Omaha tribe of Indians in the state of Nebraska and for other purposes," approved August 7, 1882, is seized of an equitable estate in fee which, upon his death before the issuance of a final

patent therefor by the United States, descends to his heirs at law, according to the laws of inheritance of this state. In that case the allottee died intestate before the final patent had issued, leaving a widow and one child. The child afterward died intestate, and the contest in that case was between the widow and the father of the allottee, the former claiming both as widow of the allottee and as next of kin of her intestate child; the father as next of kin of the allottee. This court resolved the question in favor of the widow, placing the decision on the ground that on the death of the allottee the land descended to the child, and upon her death it descended to the widow as next of kin to the child. It was not found necessary in that case to determine the rights of a surviving widow, as such, under the grant in question.

The present case differs in no essential feature from the one just mentioned, save that the allottee died without issue, and the contest is between his father and widow, the former claiming the entire estate as next of kin, the latter a life estate as widow of the deceased.

It does not seem that the case referred to leaves any debatable question in the present case. If, as stated in that case, the estate of the allottee was one of inheritance, descending to his heirs according to the laws of inheritance of this state, it would seem that section 30, chapter 23, Compiled Statutes (Annotated Statutes, 4930), would be decisive of the question presented by the record in this case. That section provides that if the deceased dies intestate, without issue, his estate shall descend to his widow during her natural life, and after her death to his father. In view of that provision, and the terms of the grant as construed by this court, we think it is clear that the widow, the defendant in this case, took a life estate in the land, with remainder over to the plaintiff. As that was the conclusion reached by the trial court, we recommend that the judgment be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.