WILLIAM REESE, APPELLANT, V. WATAEWE HARLAN, APPELLEE.

SOLOMON WOODHULL, APPELLANT, V. AGGIE WOODHULL, APPELLEE.

JOSEPHINE HARLAN, APPELLANT, V. ALICE FREMONT, APPELLEE.

FILED NOVEMBER 10, 1906.   Nos. 14,490, 14,491, 14,492.

Indians: ALLOTTEE OF LANDS: ESTATE OF WIDOW. The widow of an allottee of Omaha Indian lands is entitled to a life estate in the equitable fee of her deceased husband, with remainder over to the issue of the marriage, or to the surviving father or mother of the husband if no issue survive her.

APPEALS from the district court for Thurston county: WILLIAM A. REDICK, JUDGE.   *Affirmed.*

*H. Chase,* for appellants.

*Thomas L. Sloan, contra.*

DUFFIE, C.

These three cases involve the right of the widow of an allottee under the act of congress, approved August 7, 1882,

to a life estate in the unexpired equitable title of the allottee to Indian lands after the death of her husband as against the father or the mother of the deceased. The appellant claims that the unexpired term of 25 years during which the United States holds the legal title in trust is a chattel real which, under the terms of the sixth section of the act, descends to the next of kin, and that our statute giving the widow a life estate in the absence of issue is not applicable. The sixth section, so far as it affects the case, is as follows: "That upon the approval * * * by the secretary of the interior, he shall cause patents to issue * * * of the legal effect and declare that the United States does and will hold the land thus allotted for the period of 25 years in trust for the sole use and benefit of the (allottee) * * * or in case of his decease, of his heirs according to the laws of the state of Nebraska, and that at the expiration of said period the United States will convey the same by patent to said Indian or his heirs as aforesaid, in fee discharged of said trust and free of all charge or incumbrance whatsoever. And if any conveyance shall be made of the lands or any contract made touching the same before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void: *Provided,* That the law of descent and partition in force in said state shall apply thereto after patents therefor have been executed and delivered." 22 U. S. St. at Large, p. 342, ch. 434.

In *Porter v. Parker,* 68 Neb. 338, and *McCauley v. Tyndall,* 68 Neb. 685, the question was examined and determined against the contention of the appellant, and, following these cases, we recommend an affirmance of the decree of the district court.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.